524

No. 32,798

The State of Kansas, *Appellee*, v. Harold Gipson, *Appellant*.

(54 P. 2d 923)

Opinion filed March 7, 1936.

*Walter L. Bullock*, of Dodge City, for the appellant; *Thomas H. Taggart*, of Dodge City, of counsel.

*Clarence V. Beck*, attorney general, *Theo. F. Varner*, assistant attorney general, and *Harold Zimmer*, county attorney, for the appellee.

The opinion of the court was delivered by

Harvey, J.: Appellant was charged, tried and found guilty of robbery in the second degree. He has appealed, and contends the court erred: (1) In not granting a continuance, (2) in requiring defendant to plead to an information filed before the warrant had been returned or a preliminary hearing held, (3) in setting the case for trial before there was any case pending in the district court, and (4) in not permitting defendant ten days in which to prepare his case.

No transcript of the testimony has been made and the record before us is meager. From it we get the facts to be substantially as follows: On February 8, 1935, Fred E. Etherton was robbed of $68, at Dodge City, by three men, under such circumstances as to constitute robbery in the second degree. On March 25 an affidavit charging Harold Gipson, John Doe and Richard Roe with the offense was filed with the county court, and a warrant was issued for Gipson's arrest. He was apprehended at Phoenix, Ariz., in May. He resisted extradition, a hearing was had before the governor of Arizona, and he was brought back to Ford county. In default of bond he was placed in jail. Soon thereafter two attorneys, one of Hutchinson, another of Dodge City, representing themselves to be employed by him, began conferring with him and discussing his case with the prosecuting officers. They asked for delays in conducting the preliminary examination and appear to have wanted the charge changed to a less serious offense, to which he would plead guilty,

which the prosecuting officer declined to do. Several dates were fixed for the preliminary examination, at which times counsel for defendant asked for more time, and stated there was no necessity of making any preparations to hold it for the reason that the preliminary examination would be waived. The case dragged along in that situation until the time approached for the beginning of the regular September, 1935, term of the district court. Shortly before the first day of that term of court, as is the practice in that judicial district, a day was set apart, of which attorneys were notified, for the purpose of sounding the docket and ascertaining what cases would be for trial to a jury. Defendant's counsel was present on that occasion and, after the court had called and inquired about the cases on the docket, called attention to the fact that this case was not on the docket and announced that it would be for trial and that defendant would be ready for trial. The nature of the charge was discussed, also the fact that a preliminary examination had not been held. Defendant's counsel stated he would waive the preliminary examination. The court set the case for trial for September 12. A few days later, and on September 9, the county attorney filed the information in the case, apparently overlooking the fact the preliminary examination had not been held or waived. That was discovered a day or two later. Defendant refused to waive the preliminary examination, and it was held the morning of September 12, and defendant was bound over to the district court for trial. Thereafter and on the same day the information was refiled. Later in the day the case was called for trial. Defendant pleaded not guilty and filed a motion for continuance on the ground of absent witnesses, naming two, who he said lived at Wichita. The excuse for not having subpoenaed the witnesses was that he had been in the county jail since his arrest. This, of course, was no excuse under the circumstances, and his motion for a continuance was denied. It later developed that the place of residence of the witnesses named was fictitious, and perhaps their names were fictitious. The record shows defendant pleaded not guilty to the information after the preliminary examination and after the information was refiled. The court set the case for trial before it was pending in the district court at the request of defendant's counsel and upon his representation that it would be ready for trial, and that an early trial was desired.

The points presented by appellant are devoid of merit. The appeal is frivolous.

The judgment of the court below is affirmed, the mandate to go down at once.